**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ROLANDO ESTRADA, | ) | NO. CV 03-8251 (Mc) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF DECISION |
| v. | ) | AND ORDER IN A SOCIAL |
| | ) | SECURITY CASE |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) ) | |
| Defendant. | ) | |
|_____| ) | |

The plaintiff, ROLANDO ESTRADA, filed the present action for review of a final determination of the Commissioner of Social Security (the "Commissioner") that the plaintiff is not disabled and not entitled to Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") disability benefits. For the reasons set forth below, the court finds that the decision of the Commissioner is supported by substantial evidence. The court therefore enters judgment for the Commissioner and against the plaintiff.

**BACKGROUND**

The plaintiff filed applications for DIB and SSI disability benefits under the Social Security Act (the "Act") on March 28, 2002. [Administrative Record ("AR") 61-63, 193-96.] The Commissioner denied

the applications [AR 49-52], and at the plaintiff's request, an administrative hearing was held before Administrative Law Judge Edward P. Schneeberger (the "ALJ") on July 23, 2003 [AR 31-46]. On August 26, 2003, the ALJ filed a decision concluding that the plaintiff was not under a disability as defined in the Act at any time through the date of the decision. [AR 15-19.] The Appeals Council denied the plaintiff's request for review of the ALJ's decision. [AR 5-10.] The decision of the ALJ stands as the final decision of the Commissioner.

Thereafter, the plaintiff filed the present action. The plaintiff and the Commissioner have consented to proceed before a United States Magistrate Judge. The parties have entered into a Joint Stipulation setting forth their arguments.

**STANDARDS OF REVIEW**

The court must sustain the findings of the Commissioner unless: (a) they are not supported by substantial evidence in the record as a whole; or (b) the Commissioner applied an improper legal standard. See 42 U.S.C. 405(g); Gordon v. Secretary of Health and Human Services, 803 F.2d 1071, 1072 (9th Cir. 1986). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988). "Substantial evidence" is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. at 402; Gordon v. Secretary of Health and Human Services, 803 F.2d at 1072.

This court must review the record as a whole and consider adverse as well as supporting evidence. See Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than

one rational interpretation, the court must sustain the Commissioner's decision. See Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

## THE FIVE-STEP SEQUENTIAL EVALUATION

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, the Commissioner determines whether the person is engaged in "substantial gainful activity." If so, the Commissioner denies disability benefits. Second, if the person is not so engaged, the Commissioner determines whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, the Commissioner denies benefits. Third, if the person has a severe impairment, the Commissioner determines whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the Commissioner conclusively presumes that the person is disabled. Fourth, if the impairment does not meet or equal the "listed impairments," the Commissioner determines whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, the Commissioner denies benefits. Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to disability benefits only if he or she is unable to perform other work. See 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S.Ct. 2287, 96 L.Ed 119 (1987).

///
///

**FINDINGS OF THE ALJ**

The plaintiff was born July 28, 1947. [AR 61, 65.] The plaintiff has a marginal fourth or fifth grade education and is unable to communicate effectively in English. [AR 16, 35, 88.] The plaintiff's past relevant work experience was as a construction worker I [AR 16, 36]. The plaintiff alleges that he has been unable to work since December 1, 1999,[1] because of diabetes, hypertension, musculoskeletal pain, blurred vision, and dizziness. [AR 37, 40, 42, 89.] The plaintiff also testified that he was depressed, nervous and anxious. [AR 37, 40.]

The ALJ found that the plaintiff met the disability insured status requirements of the Act for purposes of entitlement to DIB on his alleged onset date and that the plaintiff continued to meet them through December 31, 2002, but not thereafter.[2] The ALJ further found that the plaintiff had not engaged in substantial gainful activity during the period at issue. The ALJ found that the plaintiff had medically determinable impairments consisting of diabetes and hypertension which were "severe." However, the ALJ determined that the plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4. The ALJ found that the plaintiff was not credible and that the plaintiff retained the residual functional capacity to

---

[1] The plaintiff's representative indicated at the hearing that the onset date would be the date of filing "because that's when he felt he could no longer work." [AR 34.]

[2] In order to obtain Disability Insurance Benefits (but not SSI), the plaintiff must establish that he became disabled on or before the date last insured. Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir. 1991).

perform work except work which required lifting, carrying, pushing or pulling more than twenty-five pounds frequently or more than fifty pounds occasionally. The ALJ found that the plaintiff could sit, stand, or walk for six hours in an eight-hour day. [AR 18.] The ALJ found that the plaintiff's past relevant work as a construction worker I was heavy exertion and that the plaintiff was unable to perform his past relevant work. However, considering the plaintiff's residual functional capacity, his age, his education, and his vocational background, Rules 203.11 and 203.18 of Appendix 2, Subpart P, Regulations No. 4 would direct a conclusion that the plaintiff was not disabled. Accordingly, the ALJ found that the plaintiff was not under a disability as defined in the Act at any time through the date of his decision. [AR 19.]

**THE PLAINTIFF'S CONTENTIONS**

The plaintiff contends that the ALJ erred in failing fully and fairly to develop the plaintiff's psychiatric impairment. The plaintiff further argues that the matter requires remand for consideration of "new and material evidence" submitted to the Appeals Council concerning the plaintiff's allegations that he needs a cane to ambulate.

**DISCUSSION**

**The plaintiff's mental impairment**

The plaintiff has the burden of proving that he is disabled. See Batson v. Commissioner of the Social Security Administration, 359 F.3d 1190, 1193-94 (9th Cir. 2004). However, the ALJ has an independent duty fully and fairly to develop the record. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). This duty exists even when the plaintiff is represented, but this duty is heightened when the

plaintiff is unrepresented or when the plaintiff may be mentally ill and unable to protect his own interests. Ambiguous evidence or an inadequate record triggers the ALJ's duty "'to conduct an appropriate inquiry.'" Id., quoting Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).

The plaintiff, citing Brock v. Chater, 84 F.3d 726, 728 (5th Cir. 1996), argues that because he testified that he was depressed, nervous, and anxious,[3] he presented "evidence sufficient to raise a suspicion concerning a non-exertional impairment." Accordingly, the plaintiff argues, the ALJ erred in failing to order a consultative psychiatric or psychological examination. [Joint Stipulation at 4.]

The ALJ has "broad latitude" in determining whether to order a consultative examination. Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 778 (10th Cir. 1990); Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2001). In some situations, however, a consultative examination may be necessary as when "the evidence as a whole, both medical and nonmedical, is not sufficient to support a decision on [the] claim." 20 C.F.R. §§ 404.1519a(b), 416.919a(b).

This does not mean, however, that because the plaintiff has failed to provide evidence to prove his claim, there is insufficient evidence to support a decision. Nor does the fact that the plaintiff made a few "isolated comments," without further support, raise the suspicion of a non-exertional mental impairment which requires the ALJ to order a consultative examination. Brock, 84 F.3d at 728.

---

[3] The plaintiff also refers to AR 175 as support for his claims that he has raised the suspicion of a mental disorder. [Joint Stipulation at 4.] However, there is nothing at AR 175 which refers to any mental complaints.

Although the plaintiff claimed at the hearing that he could not work in part due to nervousness and anxiety [AR 40], the plaintiff had previously indicated only that he was depressed because he could no longer go fishing or play "too much" with his grandchildren [AR 97; AR 104].  Shortly after filing his application, in May, 2002, the plaintiff indicated that he intended to ask his physician to give him some medication for when he was very depressed [AR 97], indicating his recognition that depression can be an illness, and the plaintiff claimed at the hearing that he was taking medication for depression [AR 40].  However, the plaintiff's medication lists completed shortly before the hearing indicate no psychotropic medications [AR 191, 192], and the treatment records reveal no complaints of depression or anxiety or requests for medication [see AR 120, 122; 223; see also AR 214, 218].  Likewise, the treatment records reveal no observations by the plaintiff's treating physicians that the plaintiff suffered from any symptoms or signs of depression or anxiety, significant or otherwise.  To the contrary, the record indicates generally nothing in the way of complaints [AR 18; see AR 122, 133, 147], and the plaintiff was observed to be alert and oriented [AR 123, 148, 150, 152], attentive and responsive [AR 120, 134, 145].  As noted by the ALJ, there was no psychiatric treatment history, and the plaintiff's reported statements at the time of his disability conference [see 20 C.F.R. §§ 404.906(b)(3), 416.1406(b)(3)] indicated that despite his subjective complaints of depression and anxiety, the plaintiff's depression and anxiety did not "stop him from working."  [AR 104.]  In

///

///

///

short, the plaintiff "presented no objective evidence supporting the conclusion that he suffers from depression,"[4] and the ALJ did not err in failing to send the plaintiff for a consultative mental health evaluation. Diaz, 898 F.2d at 778; see Brock, 84 F.3d at 728.

**The plaintiff's use of a cane**

The plaintiff submitted additional evidence to the Appeals Council, which, according to the plaintiff, supports his allegation that he needs a cane to ambulate. [Joint Stipulation at 9.]

At the hearing, the plaintiff testified that he had pain in his feet due to arthritis for which he was prescribed a cane by the doctor who was treating him for his diabetes. The plaintiff further testified that the physician advised the plaintiff "to restrict himself from prolonged walking." {AR 37.] However, as noted by the ALJ, the plaintiff's "treating physician has urged the claimant to exercise more, not less" [AR 18; see AR 128, 135], and the plaintiff testified that he walked for exercise during the day, in accordance with his doctor's instructions, although he took his cane with him. [AR 42, 44.]

The treating records available to the ALJ at the time of the hearing, however, do not indicate that the plaintiff used or required

---

[4] The plaintiff also argues that the ALJ failed to follow the special technique for evaluating mental impairments outlined in 20 C.F.R. §§ 404.1520a and 416.920a. However, the first step of the technique requires that symptoms, signs and laboratory findings be evaluated to determine whether the plaintiff has a medically determinable mental impairment. See also 20 C.F.R. §§ 404.1508, 416.908. Citing the lack of treatment history and the plaintiff's statements, the ALJ did not find that a medically determinable impairment existed. [AR 17, 18.] Substantial evidence supports the ALJ's conclusion. Having found no medically determinable mental impairment, it was not necessary for the ALJ to proceed further in utilizing the technique.

a cane.  Although the plaintiff suffered from peripheral neuropathy, the plaintiff's treating physician indicated that it was "mild."  [AR 115.]  The ALJ noted that despite the plaintiff's complaints of back and joint pain, there were no significant abnormal findings, including "abnormalities of gait."  [AR 17; see AR 128, 135 (normal foot examination).]  The ALJ further noted that Dr. Seung Ha Lim, the consultative examiner, also found normal gait and balance.  [AR 17; see AR 175.]  The ALJ, therefore, determined that although the plaintiff used a cane, there was "no medical necessity" for such a cane.  [AR 18.]

The treatment records submitted after the hearing to the Appeals Council indicate that on January 28, 2003, the plaintiff complained of a four-month history of knee pain with ambulation, and the plaintiff was seen for gait training with a single point cane.  However all ranges of motion and strength in the lower limbs were normal [AR 216], and there is no indication in the subsequent treatment record of any further knee complaints, abnormal gait, or use of a cane.  [AR 214.] The Appeals Council found that this new evidence was insufficient to provide a basis for changing the ALJ's decision.  [AR 6.]

20 C.F.R. §§ 404.970 and 416.1470 provide that if new and material evidence is submitted which relates to the period on or before the date of the ALJ's decision, the Appeals Council shall evaluate the entire record and review the case if it finds that the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record."

The first question, then, is whether the new information submitted is material.  The new evidence is material if it "bears 'directly and substantially on the matter.'"  Gamer v. Secretary of

1  Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987),
2  quoting Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985).  There
3  must be a "'reasonable possibility that the new evidence would have
4  changed the outcome of the Secretary's determination had it been
5  before him.'"  Id., (Internal citations omitted).

6     However, in light of the lack of abnormal findings and the
7  plaintiff's own testimony concerning the need for a cane, it is highly
8  unlikely that the new evidence would have changed the outcome even if
9  the new evidence had been before the ALJ.  The plaintiff testified as
10 follows:

11     Q.   Okay.  Do you have a problem with walking?  How far can
12         you walk?
13     A.   Sometimes I can walk four or five blocks.  The doctor
14         told me to do some exercise and walk three or four
15         hours daily.  Every 20 minutes I rest.  And then I
16         continue walking.
17     Q.   So that's – you do that – you take the normal exercise
18         daily?
19     A.   Daily.
20     Q.   As the doctor prescribed, am I right?
21     A.   Yes.  For the circulation.  My blood circulation and
22         all that.  [AR 42.]
23     Q.   Do you think by doing that, has it made your foot
24         problem any better?  Or worse?
25     A.   I have pain.  Worse.  [AR 43.]
26 The plaintiff testified further:
27     Q.   Okay.  When he takes his walks for – when you take your
28         walk for exercise, do you have your cane with you?

1     A.   Yes.

2     Q.   Could you walk that amount of time without the cane?

3     A.   I think so.  Yes, I could.  [AR 44.]

4     This testimony does not establish that the plaintiff needs a cane to ambulate.  Rather, it supports the ALJ's finding that he does not.

**CONCLUSION**

After careful consideration of the complaint, the Joint Stipulation of the parties, the transcript of the record, and in accordance with the foregoing discussion, the magistrate judge finds that the decision of the Commissioner is supported by substantial evidence and that the Commissioner applied the proper legal standards.

**ORDER**

IT IS ORDERED that judgment be entered in favor of the Commissioner and against the plaintiff.

Dated:   August 31, 2005

                                    /s/
                            JAMES W. McMAHON
                            United States Magistrate Judge